Trippe, Judge.
1. We are not disposed to carry the doctrine, in the case of Pope vs. Solomons, 36 Georgia, 541, to the extent asked for by the complainant in this case. We by no means impeach that *47 decision. But we do not think that a common law judgment *can be enjoined either by the defendant in that judgment or by another creditor of that defendant, because there has been usury paid by him to the judgment creditor, and a decree demanded that a credit be entered on the judgment to the amount of such usury; that, we take it, is the first point made in the bill. Most of the usury paid by White to Phillips was paid on judgments. Suits were instituted on Phillips’ various notes on White. No defense was made, judgments regularly obtained, and many of them paid by White. Phillips now has a judgment at law, and also a mortgage judgment for the same debt against White. The complainant in the bill, a creditor of White, seeks to enjoin Phillips from collecting his common law fi. fa. and to have it credited with the usury heretofore paid by White to Phillips. There is a limit to the right to go behind a judgment, and where the defendant does not avail himself of the personal privilege to set up the question of usury, permits judgment to go against him, and there is' no fraudulent combination between thát creditor and debtor against other creditors, we think the judgment closes the question. We speak now with reference to ordinary judgments, and do not mean to say what construction is to be given to the provisions of the Code as to mortgages. That question does not arise in this case, for Phillips has both a common law and mortgage fi. fa. In Pope vs. Solomon, both creditors were simple contract creditors, and the debtor had absconded. The money they were contending for was in the hands of a trustee, and Pope had a right to avail himself of all the rights of the absent debtor, and there being no claim or right of Solomon fixed by judgment, the law could properly determine the equities between Pope and Solomon as to that fund.
2. But the next point made in the bill of complainant is free from this difficulty. It is that, by an agreement between the creditors of White, certain property of his was permitted to be sold; that a large part of the proceeds were to go into the hands of Phillips to be by him applied to his debts; that this part was so received by Phillips, but appropriated mostly *to one fi. fa. — the Bradford and Rennick fi. fa. — when but about one-fourth of the amount so applied should have gone to this fi. fa. The complainant asks that this should be corrected, and Phillips’ older fi. fa. be credited with this difference. The evidence on the hearing before the Chancellor on this point was conflicting, but the injunction was granted. It is very evident what disadvantage the creditors would labor under if this, the last property of their debtor, is forced to sale, and whilst they are disabled from running it up to a good price from the certainty of having all the money to advance, and of its being paid over to Phillips, or to go into litigation over the distribution to be made of it. Under the facts of the case the interest of all parties would be subserved by having it decided beforehand whether it was to be sold under an execution that would take nothing, or one-fourth of the whole. The inducement to the *48 other creditors to press the bidding might be altogether controlled by that fact. And if the charges made by complainant be sustained they have the right to ask to be relieved from this disability, and to be placed back on a fair footing at the sale. We cannot say the Chancellor abused his discretion in granting the injunction on this point.
Judgment affirmed.